IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSEPH J. HAYNES, PRO SE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:09-CV-0082 |
| § | |
| CITY OF BORGER POLICE § | |
| DEPARTMENT and § | |
| CITY OF BORGER POST OFFICE, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

Plaintiff JOSEPH J. HAYNES, acting pro se, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915(b).

**JUDICIAL REVIEW**

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the Court is required to screen a pauper complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff HAYNES complains the mail is not delivered to his house or any other house on his street, except the house next door to him. He states the resident of that house submitted a doctor's note certifying that person was disabled and could not pick up mail at the group of mail boxes on the corner of the street. Plaintiff HAYNES says he is disabled too, and that it's not right for the postmaster to make him get a letter from his doctor to have mail delivery at his house. Plaintiff HAYNES complains that the P.O. box on the corner of the street, which he says is "2 houses from Mr, [sic] Haynes house," is not safe because there was an accident there and it is close to a dangerous dog. Plaintiff HAYNES states, "I don't go up there to the Corner. I don't get mail."

Plaintiff HAYNES further claims that, on December 5, 200 [sic], the Borger Police jumped on him and handcuffed him at the post office. He also states that sometime in the year 2008, the Borger Police pulled their guns and used a Tazer on him in front of his kids and then made him sign a ticket.

Plaintiff states, "All this hate Crime on, Race, Mail lies, police beating me, police pull guns and Taz missing with my kids." He requests the appointment of an attorney and assistance from the Court.

**Defendant CITY OF BORGER POLICE DEPARTMENT**

Initially, the Court notes that police departments are governmental subdivisions without capacity for independent legal action. *Rideau v. Jefferson County*, 899 F.Supp. 298, 301 (E.D.Tex. 1995); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir.1991); *Alcala v. Dallas County Sheriff,* 988 F.2d 1210 (5th Cir.1993).  If a governmental subdivision does not have the capacity for independent legal action, it is incapable of being sued as a defendant. *Darby*, 939 F.2d at 313.  Because the only defendant named is a non-juridical entity, plaintiff's suit against that defendant lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Given plaintiff's pro se status, the remedy is permissive amendment of the complaint to name the correct defendant(s), if any; however, to date, plaintiff has not so moved.

Further, as to plaintiff's allegation of a "December 5, 200" incident of excessive force, the Court notes plaintiff has already litigated an incident of identical description that occurred December 5, 2005, at which time he was arrested, at the post office, for the offenses of misdemeanor criminal trespass and misdemeanor resisting arrest.  It appears plaintiff is referencing the same incident in the instant suit.  There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  The instant suit was filed April 1, 2009, well after expiration of the statute of limitations on the December 5, 2005 incident.  Thus, this claim is barred by limitations, lacks an arguable basis in law, and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant CITY OF BORGER POST OFFICE**

The CITY OF BORGER POST OFFICE is simply a building, not a juridical entity. Title 39, United States Code, section 401(1) permits the Postal Service to sue or be sued in its official name. The appropriate defendant may be the United States Postal Service[1] or the Postmaster, depending upon the nature of plaintiff's claims.

Even if plaintiff HAYNES named the correct defendant, he appears to be alleging a violation of equal protection animated by racism toward him because he is an African American. This equal protection violation consists of mail delivery to the corner post office boxes set on the corner of his block, instead of to each individual residence; however, plaintiff does not claim that everyone being refused home delivery is an African American. In fact, plaintiff's own wife is Caucasian. Further, plaintiff has included in his submission a signed statement by a neighbor, Anthony Canceleno, stating, in part, that he (Canceleno) was refused home delivery by the Post Office "because Joe sied he wood kill the mailman so no delivery will be done on that street [sic et passim]."

While the general rule is that "persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985), distinctions may be made which do not offend constitutional values. The facts plaintiff has presented in his complaint do not support the claimed due process violation, and he has failed to state a claim on which relief can be granted.

---

[1] Title 39, United States Code, section 401(1) permits the Postal Service to sue or be sued in its official name.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JOSEPH J. HAYNES be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

PLAINTIFF SHALL HAVE THE RESPONSE PERIOD REFERENCED BELOW IN WHICH TO FILE HIS OBJECTIONS OR TO FILE AN AMENDED COMPLAINT CURING THE DEFECTS NOTED ABOVE.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of April, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).